IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**CORINTHIAN COURT HOLDINGS, LLC**                                       **PLAINTIFF**

**v.**                                                       **CIVIL ACTION NO. 2:15-cv-111-KS-MTP**

**STATE FARM FIRE AND CASUALTY COMPANY**                       **DEFENDANT**

**ORDER**

THIS MATTER is before the Court on Plaintiff's Motion to Strike Defendant's Expert Designations [31]. Having considered the Motion [31], the Court finds that it should be denied.

On September 13, 2016, the Court entered an Order [19] consolidating the instant action and Civil Action No. 2:16-cv-18-KS-MTP. In these cases, Plaintiff asserts breach of contract, bad faith, and other claims against Defendant arising from Defendant's denial of Plaintiff's claim for insurance proceeds relating to property damage allegedly caused by Hurricane Isaac on August 29, 2012, and damage to the same property allegedly caused by a tornado on February 10, 2013.

On September 20, 2013, the Court entered an Amended Case Management Order [21], which set Plaintiff's expert designation deadline as October 3, 3016, and Defendant's expert designation deadline as November 3, 2016. On November 1, 2016, Defendant filed a Motion [26], requesting that the Court extend its expert designation deadline until after its experts had an opportunity to inspect the subject property. The Court found that the requested extension of an unspecified time after Defendant's experts could inspect the property was not justified. *See* Order [29]. The Court, however, granted Defendant a modest extension of its expert designation deadline—until November 10, 2016. *Id.*

1

On November 10, 2016, Defendant designated three experts: H. Kenneth Lefoldt, Jr., W. Mark Watson, and Henry Ted Dearman. *See* Notice [30]; Exhibit [31-2].  On November 21, 2016, Plaintiff filed the instant Motion to Strike Defendant's Expert Designations [31].  Plaintiff argues that "any incomplete expert reports and opinions submitted on or before November 10, 2016 should be stricken as non-compliant with the Fed. R. Civ. Proc. and Federal Rules of Evidence 702, as the incomplete reports will not aid the trier of fact." *See* Motion [31] at 9.

Pursuant to the Local Rules, "[a] party must make full and complete disclosure as required by Fed. R. Civ. P. 26(a)(2) and L.U. Civ. R. 26(a)(2)(D) no later than the time specified in the case management order . . . .  Absent a finding of just cause, failure to make full expert disclosures by the expert designation deadline is grounds for prohibiting introduction of that evidence at trial." L.U. Civ. R. 26(a)(2).  The expert report must contain:

> (i)    a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii)   the facts or data considered by the witness in forming them;
> (iii)  any exhibits that will be used to summarize or support them;
> (iv)   the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v)    a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi)   a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B).

Plaintiff, however, does not point to any deficiency in Defendant's expert designations or make any specific argument that Defendant failed to comply with Local Rule 26(a)(2) or Fed. R. Civ. P. 26(a)(2).  Instead, Plaintiff takes issue with the following language found in Defendant's expert designations:

> [Expert] reserves the right to supplement or amend his opinions based on inspections conducted or testimony that may develop between now and the trial of this matter as well as any testimony or information that may be developed at trial.

*See* Exhibit [31-2].

Plaintiff argues that "[a]ny attempt by Defendant to provide additional 'final' expert reports or disclosures after November 10, 2016, should be stricken from the record and the experts disqualified from testifying due to non-compliance with the Federal Rule of Civil Procedure, the Federal Rules of Evidence and the Order of this Court." *See* [31] at 5.  However, Plaintiff's concern regarding a supposed future supplemental report is premature.

The following factors are considered in determining whether good cause exists to allow a party to use supplemental expert reports that were produced after the court's deadlines: "'(1) the explanation for the failure to [submit a complete report on time]; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice.'" *Reliance Ins. Co. v. Louisiana Land and Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997) (brackets in original) quoting *Geiserman v. MacDonlad*, 893 F.2d 787, 791 (5th Cir. 1990)).  Plainly, the Court cannot apply these factors without a supplemental report to consider.  Plaintiff may object if Defendant actually attempts to supplement its expert reports.

Plaintiff has failed to demonstrate that the Court should strike Defendant's expert designations.  Additionally, Plaintiff's request that the Court strike any supposed future supplemental report is premature.

IT IS, THEREFORE, ORDERED that Plaintiff's Motion to Strike Defendant's Expert Designations [31] is DENIED.

SO ORDERED this the 16th day of December, 2016.

                                            s/Michael T. Parker
                                            UNITED STATES MAGISTRATE JUDGE