IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**CORINTHIAN COURT HOLDINGS, LLC**                                  **PLAINTIFF**

**v.**                                                  **CIVIL ACTION NO. 2:15-cv-111-KS-MTP**

**STATE FARM FIRE AND CASUALTY COMPANY**                  **DEFENDANT**

**ORDER**

THIS MATTER is before the Court on Plaintiff's Motion to Compel [48], Defendant's Motion to Quash [51], and the parties' Joint Motion for Extension of Time to Complete Discovery [59]. Having considered the parties' submissions, the record, and the applicable law, the Court finds that the Motions [48] [51] [59] should be DENIED.

On August 28, 2015, Plaintiff filed this action asserting breach of contract, bad faith, and other claims against Defendant State Farm Fire and Casualty Company arising from Defendant's denial of Plaintiff's claim for insurance proceeds relating to property damage allegedly caused by Hurricane Isaac on August 29, 2012.[1] On December 21, 2015, the Court entered a Case Management Order [8], setting the discovery deadline as August 1, 2016. On January 22, 2016, Defendant served its first set of interrogatories and first set of requests for production. *See* Notices [10] [11]. On February 3, 2016, Plaintiff served its first set of interrogatories and first set of requests for production. *See* Discovery Requests [48-3] [48-4].[2]

On February 10, 2016, Plaintiff filed another action against Defendant, Civil Action No. 2:16-cv-18-KS-MTP, asserting breach of contract, bad faith, and other claims arising from Defendant's denial of Plaintiff's claim for insurance proceeds relating to property damage

---

[1] The Court will refer to this case as the "Hurricane Case."
[2] The service of Plaintiff's discovery requests is not reflected on the docket as Plaintiff failed to file a notice of service as required by Local Rule 5(d)(3).

1

allegedly caused by a tornado on February 10, 2013.[3]  On May 25, 2016, the Court entered a Case Management Order [5], setting the discovery deadline as January 10, 2017.

On April 15, 2016, Defendant responded to Plaintiff's discovery requests in the Hurricane Case. *See* Notices [12] [13].  On April 27, 2016, Defendant filed an unopposed Motion for Extension of Time to Complete Discovery [14] in the Hurricane Case.  That same day, the Court denied the Motion [14] pointing out that "Defendant provides no explanation why the parties would be unable to complete discovery during the more than three months remaining in the discovery period." *See* Order [15].

On July 29, 2016, Plaintiff served its first set of interrogatories and first set of requests for production in the Tornado Case. *See* Discovery Requests [48-7] [48-8].  On September 6, 2016, Defendant served its first set of interrogatories and first set of requests for production in the Tornado Case. *See* No. 2:16-cv-18-KS-MTP, Notices [8] [9].

On September 13, 2016, the Court entered an Order [19] consolidating the Hurricane Case and the Tornado Case.  The Court replaced the deadlines in the Hurricane Case with those governing the Tornado Case.  Thus, the Court set the discovery deadline as January 10, 2017. *See* Amended Case Management Order [21].

On September 28, 2016, Defendant responded to Plaintiff's discovery requests from the Tornado Case. *See* Notices [22] [23].  Unsatisfied with Defendant's discovery responses from both the Tornado and Hurricane Cases, Plaintiff sent two letters to Defendant on December 2, 2016, and December 8, 2016, discussing its concerns. *See* Certificate [48-1].  On December 14 and December 19, 2016, the parties conferred regarding their discovery disputes, but the parties were unable to resolve the disputes.

---

[3] The Court will refer to this case and the "Tornado Case."

On December 29, 2016, Plaintiff filed its Motion to Compel [48], seeking an order from the Court compelling Defendant to completely respond to Interrogatory Nos. 3, 5, 8, and 15 and Requests for Production Nos. 4, 5, 6, 12, 22, and 25 from both the Tornado and Hurricane Cases. Plaintiff further requests that the Court compel Defendant to provide available dates for the depositions of Walter Vierman, Freddie Roberts, and Defendant's 30(b)(6) representative.[4] Finally, the Plaintiff requests that the Court extend the discovery deadline by thirty days to allow it to take these depositions.

On January 9, 2017, the parties filed their Joint Motion for Extension of Time to Complete Discovery [59]. In this Motion [59], the parties request that the Court extend the discovery deadline by thirty days to allow the parties time to complete depositions. The parties also request that the Court extend the motions deadline by thirty days.[5]

**Motion to Compel [48]**

As previously mentioned, Plaintiff filed its Motion to Compel [48] on December 29, 2016. Local Rule 7(b)(2)(C) dictates that "[a] party must file a discovery motion sufficiently in advance of the discovery deadline to allow response to the motion, ruling by the court and time to effectuate the court's order before the discovery deadline." The discovery deadline in this action, as extended by the Court, ran on January 10, 2016. *See* Amended Case Management Order [21]. Thus, Plaintiff filed its Motion to Compel twelve days prior to the discovery deadline.

In the Hurricane Case, Plaintiff served its first set of interrogatories and first set of requests for production on February 3, 2016. *See* Discovery Requests [48-3] [48-4]. Plaintiff

---

[4] According to Plaintiff, it requested these depositions on December 8, 2016.
[5] On December 30, 2016, Defendant filed a Motion to Quash [51]. This Motion [59] and the procedural history relevant to it will be discussed below.

3

received Defendant's responses on April 15, 2016. *See* Notices [12] [13].  In the Tornado Case, the Case Management Order [5] was entered on May 2, 2016, but Plaintiff waited until July 29, 2016, to serve its first set of interrogatories and first set of requests for production. *See* Discovery Requests [48-7] [48-8].  Plaintiff received Defendant's responses on September 28, 2016. *See* Notices [22] [23].

Plaintiff had a duty to expeditiously follow-up on discovery requests and timely move to compel when necessary.  Plaintiff argues that Defendant's discovery responses were served beyond the response deadlines.  Plaintiff also states that it made multiple good faith attempts to work through the parties' disputes.  This Court, however, has previously explained,

> Obviously, problems arise and the Court should be reasonable in working with the attorneys where necessary.  However, if the conduct of a respondent to discovery necessitates a motion to compel, the requester of the discovery must protect himself by timely proceeding with the motion for compel.  If he fails to do so, he acts at his own peril.  He must not expect the Court to extend discovery and/or the trial date because of the failure of the other party to respond, even if that is in bad faith.

*Wells v. Sears Roebuck and Co.*, 203 F.R.D. 240, 241 (S.D. Miss. 2001).

Plaintiff received Defendant's discovery responses on April 15, 2016, and September 28, 2016, but did not send Defendant a good faith letter until December 2, 2016.  Despite the fact that the parties were granted a combined discovery period of *more than a year*, Plaintiff did not file its Motion to Compel until twelve days prior to the discovery deadline.  Plaintiff did not request expedited consideration, and now, the discovery deadline has passed.  Plaintiff has not established good cause for the Court to now address the parties' disputes over twenty discovery requests after the discovery deadline. *See* L.U. Civ. R. 7(b)(2)(C); *Grey v. Dallas Independent School Dist.*, 265 Fed. App'x. 342, 348 (5th Cir. 2008); *Turnage v. General Elec. Co.*, 953 F.2d 206, 209 (5th Cir. 1992).  Thus, the Motion to Compel [48] will be denied as untimely.

**Joint Motion for Extension of Time to Complete Discovery [59]**

On January 9, 2017, the parties filed their Joint Motion for Extension of Time to Complete Discovery [59], requesting that the Court extend the discovery deadline by thirty days to allow the parties time to complete depositions. The parties also request that the Court extend the motions deadline by thirty days.

The trial court is afforded broad discretion to preserve the integrity and purpose of the pretrial order. *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990). Case deadlines can be modified only by order of the Court upon a showing of good cause supported with affidavits, other evidentiary materials, or reference to portions of the record. *See* Case Management Order [16]; Fed. R. Civ. P. 16(b)(4). The good cause standard "require[s] the movant to show that the deadline cannot be met despite the diligence of the party needing the extension." *Puig v. Citibank, N.A.*, 514 Fed. App'x 483, 487-88 (5th Cir. 2013) (citation and quotation omitted). In determining whether the movant has met its burden under Rule 16(b)(4), the Court considers four factors: (1) the party's explanation for its failure to meet the deadline, (2) the importance of the requested relief, (3) potential prejudice in granting the relief, and (4) the availability of a continuance to cure such prejudice. *S&W Enters., LLC v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 535 (5th Cir. 2003); *Geiserman*, 893 F.2d at 791.

According to the parties, they "are continuing to diligently complete discovery depositions in this case, but due to the intervening holidays, the coordination and taking of depositions out of state, and the fact that many of the remaining witnesses are located out of state," additional time is needed to complete depositions. The parties, however, provide an insufficient explanation for their failure to meet the deadlines established in the scheduling order. The initial Case Management Order [8] was entered on December 21, 2015, but neither party

filed a notice of deposition until December 29, 2016.[6] The parties waited for more than a year to schedule any depositions, and they provide no persuasive explanation why they were unable to schedule any depositions sooner.

Additionally, the parties did not establish or even address the importance of the discovery. At this stage of the proceeding, a party may not rely on bare assertions that additional discovery and time extensions are necessary.[7] Finally, the requested extensions cannot be granted without affecting the current trial setting, and a continuance is not warranted based on the current record. "Moreover, a continuance would not deter future dilatory behavior, nor serve to enforce local rules or court imposed scheduling orders." *Geiserman*, 893 F.2d at 792. Thus, the Joint Motion for Extension of Time to Complete Discovery [59] will be denied. A one-year discovery period was more than adequate.

**Motion to Quash [51]**

On December 28, 2016, Plaintiff filed a Notice of Service of Subpoena [44], indicating that it served a subpoena duces tecum upon Phil Harvey, a former insurance agent for Defendant. Phil Harvey, however, is deceased, and the Proof of Service [63-1] reveals that the subpoena was served on Jackie Roberts, an administrative assistant for a State Farm Agency in Oceans Springs, Mississippi. The subpoena commands compliance in New Orleans, Louisiana. *See* Notice [44].

On December 30, 2016, Defendant filed its Motion to Quash [51] under Rule 45(d)(3) of the Federal Rules of Civil Procedure. Rule 45(d)(3), however, only allows "the court for the district where compliance is required" to quash or modify a subpoena. As previously mentioned,

---

[6] The Court previously discussed the parties' dilatory actions regarding written discovery.
[7] Pursuant to the Case Management Order [8], the case deadlines "can be modified only by order of the court upon a showing of good cause supported with affidavits, other evidentiary materials, or reference to portions of the record."

New Orleans, Louisiana, is the place where compliance is required.  Thus, the United States District Court for the Eastern District of Louisiana is the "court for the district where compliance is required."  No order to transfer the Motion [51] to this Court has been entered by the District Court for the Eastern District of Louisiana. *See* Fed. R. Civ. P. 45(f).  Accordingly, his Court lacks jurisdiction to quash or modify the subject subpoena.

In its Motion [51], Defendant does not seek a protective order. To the extent the Court could construe the Motion [51] as a motion for protective order, the Court finds that Defendant has failed to show good cause and a specific need for protection. *See Landry v. Air Line Pilots Assoc.*, 901 F.2d 404, 435 (5th Cir. 1990).  Defendant argues that the subpoena seeks information "which could potentially include information covered by the attorney/client privilege and/or covered under the work product doctrine."  This general statement, however, does not provide the Court with sufficient information to permit the Court to render a meaningful decision on Defendant's asserted privilege.  Thus, the Motion to Quash [51] is, therefore, denied.

IT IS, THEREFORE, ORDERED that:

1. Plaintiff's Motion to Compel [48] is DENIED;

2. Defendant's Motion to Quash [51] is DENIED; and

3. The parties' Joint Motion for Extension of Time to Complete Discovery [59] is DENIED.

SO ORDERED this the 17th day of January, 2017.

            s/Michael T. Parker
            UNITED STATES MAGISTRATE JUDGE