IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**CORINTHIAN COURT**
**HOLDINGS, LLC**                                                                              **PLAINTIFF**

**v.**                                                        **CIVIL ACTION NO. 2:15-CV-111-KS-MTP**

**STATE FARM FIRE AND**
**CASUALTY COMPANY**                                                                      **DEFENDANT**

**CONSOLIDATED WITH**

**CORINTHIAN COURT**
**HOLDINGS, LLC**                                                                              **PLAINTIFF**

**v.**                                                         **CIVIL ACTION NO. 2:16-CV-18-KS-MTP**

**STATE FARM FIRE AND**
**CASUALTY COMPANY**                                                                      **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Motion to Strike Affidavit of Neil Hall, Ph.D., A.I.A. ("Motion to Strike Hall Affidavit") [106], Motion to Strike Affidavit of Bruce Smith, CPA/CFF, CFE ("Motion to Strike Smith Affidavit") [108], Motion to Strike Plaintiff's Expert Bruce Smith, CPA/CFF, CFE, Pursuant to Rule 702 and *Daubert* ("Motion to Strike Smith") [82], and Motion to Strike Plaintiff's Expert Neil Hall, Ph.D., A.I.A., Pursuant to Rule 702 and *Daubert* ("Motion to Strike Smith") [84] filed by Defendant State Farm Fire and Casualty Company. After considering the submissions of the parties, the record, and the applicable law, the Court finds the following:

    1.    the Motion to Strike Hall Affidavit [106] is not well taken and should be denied;

    2.    the Motion to Strike Smith Affidavit [108] is not well taken and should be denied;

    3.    the Motion to Strike Smith [82] is well taken and should be granted;

    4.    the Motion to Strike Hall [84] should be deferred for hearing.

## I.  BACKGROUND

This is a consolidated action stemming from alleged property damage to an apartment complex in Hattiesburg, Mississippi, owned by Plaintiff Corinthian Holdings, LLC ("Plaintiff") and insured by Defendant State Farm Fire and Casualty Company ("Defendant").  The suit concerns damage allegedly sustained to the complex when Hattiesburg was hit by Hurricane Isaac in 2012 and again when it was hit by a tornado in 2013.

Morrison & Morrison, Inc. ("Morrison"), was originally obtained by Plaintiff to adjust the hurricane loss.  Morrison remained involved through the tornado loss.  Morrison, though, has been withdrawn as an expert in this case.  (*See* Notice Withdrawing [86-6].)

Neil Hall ("Hall") and Bruce Smith ("Smith") have been designated as experts in this case by Plaintiff.  On January 24, 2017, Defendant filed motions to strike both under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L.Ed.2d 469 (1993).  Plaintiff responded on February 21, 2017.  In its responses, it attached the Certification of Bruce D. Smith, C.P.A. ("Smith Affidavit") [102-1] and the Certification of Dr. Neil Hall ("Hall Affidavit") [103-1].  Defendant then moved to strike both affidavits as previously undisclosed expert reports.

## II.  MOTIONS TO STRIKE AFFIDAVITS [106][108]

### A.  Standard of Review

Defendant's Motions to Strike Affidavits [106][108] concern affidavits from Plaintiff's experts, Hall and Smith, which Defendant argues are previously undisclosed expert reports. Unless exempt under some other rule, Federal Rule of Civil Procedure 26(c)(2)(B) requires expert disclosures to be accompanied by a written report containing:

> (i)   a complete statement of all opinions the witness will express and the basis and reasons for them;

  (ii)  the facts or data considered by the witness in forming them;

  (iii)  any exhibits that will be used to summarize or support them;

  (iv)  the witness's qualifications, including a list of all publications authored in the previous 10 years;

  (v)  a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

  (vi)  a statement of compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(c)(2)(B). If either affidavit contains any information that should have previously been disclosed under Rule 26(c)(2)(B) and was not, then the Court will consider the affidavit to be attempting to supplement the original report of that expert.

A party has a duty to supplement its expert disclosures, with all supplemental disclosures must be made no later "than the discovery deadline established by the case management order." L.U. Civ. R. 26(a)(5); *see also* Fed. R. Civ. P. 26(e)(2). The Amended Case Management Order [21] set a discovery deadline of January 10, 2017. Therefore, if the affidavits are found to be supplemental expert reports, they will be deemed to have been untimely disclosed. If a party has failed to timely disclose a supplemental expert report, the party will not be able to use it "to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

  **B.**  **Motion to Strike Hall Affidavit [106]**

A careful review of the Hall Affidavit [103-1] does not reveal any information which was not disclosed in Hall's Initial Report [106-1], First Supplemental Report [106-2], or Second Supplemental Report [106-3]. As such, the Court does not find that this affidavit is an untimely expert report and will not strike it from the record. Therefore, the Motion to Strike Hall Affidavit [106] is **denied**.

C.     **Motion to Strike Smith Affidavit [108]**

Though the Smith Affidavit [102-1] goes into more detail as to his opinions and methodologies than his written report does,[1] those opinions and methodologies are still mostly present in his written report. (*See* Smith Report [108-1].) However, in comparing the affidavit and the report, it is clear to the Court that Smith has not included in his report all of the data he considered in forming his opinions. In his affidavit, Smith admits that he based some of his calculations on "[t]he occupancy rate of the insured, as related to [him] by Mr. Morrison." (Smith Affidavit [102-1] at ¶ 10.) He goes on to state that he "did consider and/or rely upon factual information provided by Mr. Morrison." (*Id.* at ¶ 12.) The only factual basis Smith gives in his report, though, is the rental rate and occupancy rate of comparable properties. (*See* Smith Report [108-1] at p. 2.) If Smith relied on information provided by Morrison as his affidavit states, then that information should have been referenced in his report. *See* Fed. R. Civ. P. 26(c)(2)(B)(ii) (requiring an expert's written report to contain "the facts or data considered by the witness in forming" his opinions). Therefore, the Smith Affidavit [102-1] could be considered a supplementation of Smith's written report. Nevertheless, because the Court finds the affidavit to support Defendant's Motion to Strike Smith [82] under *Daubert*, the affidavit, though it could be seen as an untimely supplement, does not prejudice Defendant. *See* Fed. R. Civ. P. 37(c)(1). It will therefore not be stricken, and the Motion to Strike Smith Affidavit [108] will be **denied**.

---

[1] This is unsurprising to the Court, as Smith's written report is barely over two pages long while his affidavit is a little over six pages in length.

4

### III.  *DAUBERT* MOTIONS [82][84]

    A.    **Standard of Review**

The *Daubert* motions [82][84] before the Court challenge the admissibility of expert testimony and opinions under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L.Ed.2d 469 (1993).

The admissibility of expert testimony is governed by F.R.E. 702, which states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a)    the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b)    the testimony is based on sufficient facts or data;
>
> (c)    the testimony is the product of reliable principles and methods; and
>
> (d)    the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.  The Supreme Court has explained that this rule places the district court into a gatekeeping role in order to ensure that scientific evidence is both reliable and relevant. *Curtis v. M&S Petroleum, Inc*., 174 F.3d 661, 668 (5th Cir. 1999) (citing *Daubert*, 509 U.S. at 597, 113 S. Ct. 2786).  As explained by the Fifth Circuit,

> This role requires the district judge to undertake a two-part analysis.  The district judge must first determine whether the proffered testimony is reliable, requiring an assessment of whether the reasoning or methodology underlying the testimony is scientifically valid.  Second, the district judge must determine whether that reasoning or methodology can be properly applied to the facts in issues; that is, whether it is relevant.

*Id.* (citing *Daubert*, 509 U.S. at 592-93, 113 S. Ct. 2786).

    B.    **Motion to Strike Smith [82]**

Defendant's primary argument under its Motion to Strike Smith [82] is Smith's reliance on information provided by Morrison, who has been withdrawn as an expert in this case.[2] Plaintiff argues that the information provided by Morrison was proper lay testimony, not expert testimony, and therefore the fact that Morrison was withdrawn as an expert is inconsequential. The Court, however, does not find whether the relied-upon Morrison testimony is lay or expert to be determinative on this issue.[3] Rather, the fact that Smith neglected to reference any information provided by Morrison in his written report makes it impossible to judge whether the report is based on sufficient data and therefore sufficiently reliable. *See* Fed. R. Evid. 702(b).

In his affidavit, Smith states that the occupancy rates in his analysis were based in part on "[t]he occupancy rate of the insured, as relayed to [him] by Mr. Morrison." (Smith Affidavit [102-1] at ¶ 10.) He further states that he "did consider and/or rely upon factual information provided by Mr. Morrison." (*Id.* at ¶ 12.) Additionally, he admitted in his deposition that his use of a fifteen-month restoration period was based on Morrison's evaluation. (*See* Smith Depo. [82-7] at 23:6-19.) From Smith's own sworn statements, then, Morrison was one of the sources of information on which Smith's expert opinions are based. That information was required to be included in Smith's written report. *See* Fed. R. Civ. P. 26(c)(2)(B)(ii). Despite this, there is no reference to Morrison or any information he may have provided in the written report.[4] (*See* Smith Report [82-8].)

---

[2] Defendant makes other arguments as well, but the Court need not consider them as it finds Smith's reliance on Morrison an adequate ground to strike him as an expert.

[3] In fact, it is impossible to determine if the Morrison information on which Smith relied is expert or lay testimony as *it is never referenced in the written report*. (*See* Smith Report [82-8].) Smith's own assurance that the information Morrison provided was factual information and not expert opinion is not persuasive, as Smith is not a legal expert. (*See* Smith Affidavit [102-1] at ¶ 12.)

[4] For example, although Smith's sworn statement reveals that he used information from Morrison as a partial basis for the occupancy rate used in his analysis, (*see* Smith Affidavit [102-1] at ¶ 10), his written report states only that he based the occupancy rate "on comparable properties." (Smith Report [82-8] at p. 2.)

The Court's gatekeeping duty under F.R.E. 702 requires that it ensure that expert opinions are reliable by determining whether they are based on sufficient fact and are products of reliable methods. *See* Fed. R. Evid. 702; *Curtis*, 174 F.3d at 668 (citing *Daubert*, 509 U.S. at 597, 113 S. Ct. 2786). The Court cannot perform that duty when an expert relies on information not specified in his written report and never states how that relied-upon information affected his methodology and, ultimately, his opinions. Because the Court cannot fully evaluate the factual basis of and methodologies behind Smith's opinions, the Court cannot find his expert testimony to be reliable. The Motion to Strike Smith [82] will therefore be **granted**.

### D.    Motion to Strike Hall [84]

Defendant argues that Hall should be stricken as an expert because he too relies on Morrison's expert opinions and because, despite only inspecting some of the apartment buildings, he opines as to the correctness of Morrison's cost estimates for the entire complex.

Unlike Smith, Hall's written expert reports explicitly reference information from Morrison that was used in forming his opinions. Though Hall states that this information was not Morrison's expert opinion, (*see* Hall Affidavit [103-1] at ¶ 7), Hall is not a legal expert[5] and is not able to properly ascertain whether an opinion is an expert opinion under F.R.E. 702. Furthermore, the Court is uncertain how the Morrison cost estimates that are validated by Hall's opinions are anything but expert opinions. Finally, because Hall admittedly inspected only six out of the fifteen buildings before opining that the Morrison cost estimates for the entire complex were correct, the Court is not clear how Hall is "confident that the opinions" regarding these estimates "represent

---

[5] Even if he were a legal expert, such a legal conclusion would not be an admissible expert opinion. *See **Error! Main Document Only.**United States v. Izydore*, 167 F.3d 213, 218 (5th Cir. 1999) (citing *Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983)).

7

the most probable occurrence to a reasonable degree of engineering certainty."[6]  (Hall Affidavit [103-1] at ¶ 10.)

Faced with these uncertainties, the Court finds that a hearing on this motion is necessary and will **defer** its ruling on the Motion to Strike Hall [84] until such a hearing can be held.

### IV. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Strike Hall Affidavit [106] is **denied**.

IT IS FURTHER ORDERED AND ADJUDGED that the Motion to Strike Smith Affidavit [108] is **denied**.

IT IS FURTHER ORDERED AND ADJUDGED that the Motion to Strike Smith [82] is **granted**.

IT IS FURTHER ORDERED AND ADJUDGED that the Motion to Strike Hall [84] is **deferred** until after a hearing can be held on the matter.

SO ORDERED AND ADJUDGED, on this, the ___6th___ day of April, 2017.

                            __s/Keith Starrett_____
                            KEITH STARRETT
                            UNITED STATES DISTRICT JUDGE

---

[6] Though Plaintiff argues that Hall made such a determination based on photographs taken by Morrison and reviewed by Hall, Hall himself does not make such a representation.  Instead, he implies that his "engineering judgment" is satisfied by inspecting "40% of the two-story apartments." (Hall Affidavit [103-1] at ¶ 10.)  Furthermore, at no point in his written reports does he state that he did anything with the Morrison photos but compare them to his own.  (*See* Hall Reports [84-1][84-2].)