IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

CORINTHIAN COURT
HOLDINGS, LLC                                                                        PLAINTIFF

v.                                              CIVIL ACTION NO. 2:15-CV-111-KS-MTP

STATE FARM FIRE AND
CASUALTY COMPANY                                                                     DEFENDANT

CONSOLIDATED WITH

CORINTHIAN COURT
HOLDINGS, LLC                                                                        PLAINTIFF

v.                                               CIVIL ACTION NO. 2:16-CV-18-KS-MTP

STATE FARM FIRE AND
CASUALTY COMPANY                                                                     DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Motion *In Limine* No. 1 [124], Motion *In Limine* No. 2 [126], and Motion *In Limine* No. 3 [128] filed by Defendant State Farm Fire and Casualty Company, and the Motion *In Limine* to Exclude Other Litigation ("Motion to Exclude Litigation") [130] and Motion *In Limine* to Exclude Experts ("Motion to Exclude Experts") [132] filed by Plaintiff Corinthian Court Holdings, LLC.  After reviewing the submissions of the parties, the record, and the applicable law, the Court finds the following:

1. the Motion *In Limine* No. 1 [124] should be granted in part and deferred in part;

2. the Motion *In Limine* No. 2 [126] should be granted in part and deferred in part;

3. the Motion *In Limine* No. 3 [128] is not well taken and should be denied;

4. the Motion to Exclude Litgation [130] should be deferred;

5. the Motion to Exclude Experts [132] is not well taken and should be denied.

# I. BACKGROUND

This is a consolidated action stemming from alleged property damage to an apartment complex in Hattiesburg, Mississippi, owned by Plaintiff Corinthian Holdings, LLC ("Plaintiff") and insured by Defendant State Farm Fire and Casualty Company ("Defendant"). The suit concerns damage allegedly sustained to the complex when Hattiesburg was hit by Hurricane Isaac in 2012 and again when it was hit by a tornado in 2013. Plaintiff brings claims of (i) negligence/gross negligence/reckless disregard for rights of plaintiffs; (ii) breach of contract; (iii) breach of duty of good faith and fair dealing; and (iv) bad faith. Of the claims, the only one that deals with coverage under the relevant insurance policy is the claim for breach of contract. The other claims deal with Defendant's procedures in handling and processing Plaintiff's claims under the policy and are dependent on a finding of liability under the breach of contract claim.

# II. DISCUSSION

### A.     Motion *In Limine* No. 1 [124]

In its Motion *In Limine* No. 1 [124], Defendant asks that the Court bifurcate the trial, with the first phase dealing with the issues dealing with liability under the relevant insurance policy and the second dealing with the extra-contractual claims and punitive damages. Defendant additionally proposes that any evidence related to its handling of the alleged covered losses should be tried at the punitive damages issue. Ultimately, Defendant is requesting the breach of contract issue be decided first by the jury before Plaintiff is allowed to introduce any evidence regarding its remaining claims.

Plaintiff does not object to bifurcation of punitive damages in accordance with Miss. Code Ann. § 11-1-65. It does, however, object to all evidence to Defendant's handling of the coverage claims being separate from the breach of contract claim.

The Mississippi Supreme Court has found that the clear legislative intent behind § 11-1-65 "was to prevent issue confusion and to create a barrier between testimony regarding the fundamental issue of liability and the inflammatory issue of egregious conduct." *Hartford Underwriters Ins. Co. v. Williams*, 936 So.2d 888, 897 (Miss. 2006). This Court has recognized that this barrier "may be difficult to define" as it is "difficult to envision a breach of an insurance contract suit without consideration of . . . the procedure utilized in handling the claim." *Briggs v. State Farm Fire & Cas. Co.*, No. 3:14-CV-16-DPJ-FKB, 2015 WL 2452694, at *2 (S.D. Miss. May 22, 2015) (citations omitted). This Court has also ruled in past cases that some actions taken by insurance companies in processing the claims may be relevant in determining whether the policy was breached. *See Bossier v. State Farm Fire & Cas. Co.*, No. 1:08-CV-408-LTS-RHW, 2009 WL 3281128, at *2 (S.D. Miss. Oct. 2009). With these precedents in mind, the Court finds that the Motion *In Limine* No. 1 [124] should be **granted in part** and **deferred in part**.

It will be **granted** in that in that the trial will be bifurcated and that the first phase of the trial will not include evidence supporting the extra-contractual claims or punitive damages.

It will be **deferred** in that Plaintiff will be allowed the opportunity to argue for the relevancy of Defendant's procedures in processing its covered loss claims to the breach of contract so as to introduce such evidence during the first phase of the trial.

### B. Motion *In Limine* No. 2 [126]

In its Motion *In Limine* No. 2 [126], Defendant asks that the Court exclude any evidence, testimony, or argument relating to the meaning or interpretation of the insurance policy. Plaintiff agrees to such exclusion, recognizing that the meaning and interpretation of the insurance policy is a question of law for the Court to decide. As such, the motion will be **granted** in this respect.

Defendant also requests that all evidence, testimony, or argument relating to its claim handling procedures or guidelines be excluded from the first phase of the trial. As the Court has

stated already, it has recognized instances where such evidence may be relevant to the breach of an insurance policy. This issue will therefore be **deferred** until trial, where Plaintiff will be allowed to argue its relevancy to the coverage issue.

### C. Motion *In Limine* No. 3 [128]

In its Motion *In Limine* No. 3 [128], Defendant asks the Court to exclude all evidence, testimony, and argument related or referring to the period of restoration or the loss of revenue because there are no expert witnesses designated to testify to either. Defendant does not, however, give any basis for why this evidence would have to be presented by an expert witness and why it could not be properly presented by a lay witness, provided such testimony fell within the allowable testimony by a lay witness under Federal Rule of Evidence 701. Because Defendant has failed to meet its burden showing that such an exclusion is necessary, this motion will be **denied**.

### D. Motion to Exclude Litigation [130]

In its Motion to Exclude Litigation [130], Plaintiff requests that the Court exclude certain documents connected to other litigation that it is involved in, as inadmissible hearsay under Federal Rules of Evidence 801 and 802 and as unduly prejudicial under Federal Rule of Evidence 403. Plaintiff has not, however, submitted these documents for the Court's review, nor has Defendant provided them in its response. Without examining the documents themselves, it is impossible to rule whether or not they are admissible under F.R.E 801, 802, and 403. Therefore, this issue will be **deferred** until the appropriate time at trial.

### E. Motion to Exclude Experts [132]

In its Motion to Exclude Experts [132], Plaintiff argues that Defendant's experts should be excluded under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L.Ed.2d 469 (1993). In other words, Plaintiff's motion is a *Daubert* motion that is styled as a

motion *in limine*.[1] Because the deadline for *Daubert* motions was January 24, 2017, this motion will be **denied** as untimely. (*See* Amended Case Management Order [21].)

### IV. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion *In Limine* No. 1 [124] is **granted in part** and **deferred in part**.

It is **granted** in that in that the trial will be bifurcated and that the first phase of the trial will not include evidence supporting the extra-contractual claims or punitive damages.

It is **deferred** in that Plaintiff will be allowed the opportunity to argue for the relevancy of Defendant's procedures in processing its covered loss claims to the breach of contract so as to introduce such evidence during the first phase of the trial.

IT IS FURTHER ORDERED AND ADJUDGED that the Motion *In Limine* No. 2 [126] is **granted in part** and **deferred in part**.

It is **granted** in that parties agree that all evidence, testimony, and argument related to the interpretation and meaning of the policy language is a question of law for the Court and will not be presented to the jury.

It is **deferred** in that Plaintiff will be allowed to argue the relevancy of Defendant's claim handling procedures and guidelines during the first phase of the trial.

IT IS FURTHER ORDERED AND ADJUDGED that the Motion *In Limine* No. 3 [128] is **denied**.

IT IS FURTHER ORDERED AND ADJUDGED that the Motion to Exclude Litigation [130] is **deferred**.

---

[1] Plaintiff previously filed a *Daubert* motion with this Court that was incorrectly filed as a motion to strike certain notices and, as a result, was inadvertently overlooked by the Court when it addressed the other *Daubert* motions that were filed in this case. This motion remains pending and will be addressed at a later date.

IT IS FURTHER ORDERED AND ADJUDGED that the Motion to Exclude Experts [132] is **denied**.

SO ORDERED AND ADJUDGED, on this, the     15th    day of May, 2017.

                                                 s/Keith Starrett
                                            KEITH STARRETT
                                            UNITED STATES DISTRICT JUDGE